IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER A. SARRACINO,

    Petitioner,

v.                                                No. CV 15-01018-MCA-SMV
                                                    No. CR 95-00210-MCA

UNITED STATES OF AMERICA,
THIRTEENTH JUDICIAL DISTRICT,
PUEBLO OF LAGUNA TRIBAL COURT,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Peter A. Sarracino's Request to Take Judicial Notice, Fed. Evid. R. 201(c)(2), filed on November 9, 2015. [Doc. 1] Petitioner seeks to void his federal and state convictions *ab initio* for failure to afford him due process of law in Pueblo of Laguna Tribal Court in violation of the United States Constitution, 25 U.S.C. § 1302, and the Pueblo of Laguna Code. Although Petitioner's pleading is characterized as a Request to Take Judicial Notice under Fed. Evid. R. 201(c), "[t]he characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court." *Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 437 (10th Cir. 1992). Petitioner seeks to invalidate his federal convictions and "28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion."). Additionally, Petitioner seeks to invalidate his state convictions and 28 U.S.C. § 2254 "is the appropriate remedy for state prisoners attacking the validity of the fact or length of

their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  Therefore, the Court intends to construe Petitioner's Request to Take Judicial Notice as a petition for writ of habeas corpus challenging his federal convictions pursuant to § 2255 and a petition for writ of habeas corpus challenging his state convictions pursuant to § 2254.

Petitioner's Request to Take Judicial Notice also appears to raise a claim under the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1301-1303.  However, ICRA "does not authorize the maintenance of suits against a tribe nor does it constitute a waiver of sovereignty."  *Walton v. Tesuque Pueblo*, 443 F.3d 1274, 1278 (10th Cir. 2006) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1997)).  "Tribal members have only one avenue to seek relief in federal court for violations of § 1302—filing a petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303." *Valenzuela v. Silversmith*, 699 F.3d 1199, 1203 (10th Cir. 2012).  Therefore, the Court will construe Petitioner's Request to Take Judicial Notice as a petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303.

For the reasons explained below, the Court, having reviewed Petitioner's submission pursuant to rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts and rules 1, 4, and 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, will:  (1) dismiss Petitioner's § 2255 petition for lack of jurisdiction because it is second or successive; (2) grant Petitioner leave to withdraw or amend his Request to Take Judicial Notice, which the Court intends to construe in relevant part as a § 2254 petition, in order to present all of the available grounds for relief, and (3) dismiss Petitioner's § 1303 petition for lack of jurisdiction because Petitioner has failed to allege that he was detained by the Pueblo of Laguna.

**I.      Federal Convictions: 28 U.S.C. § 2255**

Following a jury trial, Petitioner was convicted of murder in the second degree and kidnapping. [CR Doc. 97] The Court sentenced Petitioner to life imprisonment on each count, to run concurrently with one another, and entered final judgment on June 13, 1996. [CR Docs. 127, 128] The Tenth Circuit Court of Appeals affirmed Petitioner's convictions. [CR Doc. 137; *see United States v. Sarracino*, 131 F.3d 943 (10th Cir. 1997).

On January 7, 1999, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. [CR Doc. 141; *see Sarracino v. United States of America*, No. CV 99-00027-JEC-LCS] Petitioner contended that he did not receive a fair trial because the government coerced witnesses into providing false testimony and his trial and appellate counsel did not provide effective assistance. [CR Doc. 164; CV 99-00027 Doc. 27] Petitioner also contended that he was legally and factually innocent of all charges, relying in relevant part on an affidavit by Elaine Sarracino dated December 31, 1998 and an affidavit by Laura Mariano dated December 31, 1998. [Id.] The Court rejected Petitioner's claims and denied the relief requested. [CR Docs. 164, 168; CV 99-00027 Doc. 27, 31] Petitioner's appeal to the Tenth Circuit Court of Appeals was dismissed as untimely. [CV 99-00027 Doc. 40]

On December 12, 2005, Petitioner filed a Motion to Set Aside Judgment Pursuant to F.R.Civ.P., Rule 60(b)(2)(3)(4), which the Court construed as a second motion pursuant to 28 U.S.C. § 2255. [CR Doc. 176; 178; *see Sarracino v. United States of America*, No. CV 05-01296-JEC-RLP]. In his motion, Petitioner claimed that he was actually innocent of the crimes with which he was charged, relying in relevant part on an affidavit by his codefendant, Andrew Luarkie, dated January 21, 2005 and two affidavits by Randall Kose dated December 10,

2004 and October 20, 2005.  [Id.]  The Court transferred Petitioner's motion to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Petitioner moved to withdraw his motion. [CR Doc. 178; CV 05-01296 Docs. 3, 4].  The Tenth Circuit Court of Appeals construed Petitioner's motion to withdraw as a voluntary motion to dismiss and granted the motion.  [CV 05-01296 Doc. 5]

Since that time, Petitioner has filed four motions in the Tenth Circuit Court of Appeals seeking authorization to file a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  [CR Docs. 179, 180, 181]  In his motions, Petitioner relied upon "newly discovered" evidence of his actual innocence, including the affidavits from Sarracino, Mariano, Luarkie, and Kose referenced above.  In his third motion, Petitioner also relied on an affidavit by Leo Martinez, dated April 22, 2010.  [CR Doc. 180]  The Tenth Circuit denied Petitioner's motions, holding that Petitioner had failed to provide "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty."  28 U.S.C. § 2255(h)(1).  [CR Docs. 179, 180, 181]  Additionally, the Tenth Circuit imposed sanctions on Petitioner, warning him "that future motions seeking authorization that do not meet the requirements of § 2255(h) may simply be deemed denied without the entry of a substantive order."  [CR Doc. 181; *see also* CR Doc. 180]  The Court further warned Petitioner that "if he persists in filing motions for authorization that are clearly meritless under § 2255(h), we may impose other sanctions, including monetary sanctions."  [CR Doc. 181]

In the present case, the Court intends to construe Petitioner's Request to Take Judicial Notice [CR Doc. 182; CV 15-01018 Doc. 1] as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Ordinarily, when a district court recharacterizes a pro se pleading

4

as motion for relief under 28 U.S.C. § 2255, it must give the petitioner an opportunity to withdraw or amend his motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). However, "the reason for this restriction on recharacterization does not apply where, as in this case, the petitioner previously filed a § 2255 petition." *Nelson*, 465 F.3d at 1149. "Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). Therefore, "the district court act[s] properly in recharacterizing . . . a successive § 2255 petition." *Id.*

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). A district court may, however, "transfer the matter to [the Tenth Circuit Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251.

In the present § 2255 petition, Petitioner contends that he is actually innocent of the crimes of which he was convicted and, in support of this contention, he relies on the aforementioned affidavits by Sarracino, Mariano, Luarkie, Kose, and Martinez. [Doc. 1-1 at 10-19; 26-27] Petitioner's "new evidence" previously has been presented in prior § 2255 petitions or in motions

for authorization to file a second or successive § 2255 petition. Thus, as the Tenth Circuit previously has held, Petitioner has failed to provide "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty." 28 U.S.C. § 2255(h)(1). [*See* CR Doc. 180 at 4] Based on the foregoing, the Court finds that the present § 2255 petition lacks merit and was not filed in good faith because it was clear at the time of filing that this Court lacked the requisite jurisdiction. *See United States v. Bradford*, 552 F. App'x 821, 823 (10th Cir. 2014) (noting that when "a party is aware or should be aware that her unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith") (unpublished). Accordingly, a transfer to the Tenth Circuit Court of Appeals is not in the interest of justice and Petitioner's § 2255 petition will be dismissed for lack of jurisdiction. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will deny a certificate of appealability.

## II.     State Convictions: 28 U.S.C. § 2254

Petitioner also is serving a life sentence after he was convicted in state court of various state crimes, including first degree murder. *See State v. Sarracino*, D-1333-CR-199500048. On December 8, 2005, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state convictions. *See Sarracino v. Bezy*, No. 05-CV-0128-JCH-ACT. The Court dismissed Petitioner's § 2254 petition without prejudice because Petitioner's state habeas petition was still pending in state court and, therefore, Petitioner had failed to exhaust his state court remedies.[1] [CV No. 05-0128, Docs. 13, 15]

---

1 On January 23, 2006, Petitioner filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which was dismissed without prejudice because it was duplicative of the § 2254 petition previously filed in *Sarracino*

As previously explained, the Court intends to recharacterize Petitioner's Request to Take Judicial Notice [CR Doc. 182; CV 15-01018 Doc. 1], in relevant part, as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although this is not Petitioner's first § 2254 petition, Petitioner's prior petition was dismissed without prejudice in order to provide Petitioner with an opportunity to exhaust his state court remedies. Because Petitioner's prior § 2254 petition was not adjudicated on the merits, the Court will notify Petitioner "that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has." *Castro*, 540 U.S. at 383; *see Clark v. Bruce*, 159 F. App'x 853, 856 (10th Cir. 2005) (applying the *Castro* rule to the recharacterization of § 2254 petitions because "[s]ection 2244(b) imposes strict limitations on the rights of litigants to file second or successive § 2254 habeas petitions") (unpublished); *see also* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (noting that a § 2254 petition must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"). Petitioner will be granted thirty days in which to amend or withdraw his motion and the Clerk of the Court will be directed to mail Petitioner a habeas corpus application pursuant to 28 U.S.C. § 2254 with instructions.

---

*v. Bezy*, No. 05-CV-0128-JCH-ACT and was filed inadvertently.   *See Sarracino v. Bezy*, No. 06-CV-00066-RB-WPL (Docs. 4, 5).

**III.**     **ICRA:   25 U.S.C. § 1303**

Title 25, section 1303 provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian Tribe."  25 U.S.C. § 1303.  "[T]he 'detention' language in § 1303 is analogous to the 'in custody' requirement contained in the federal habeas statute."  *Walton*, 443 F.3d at 1279 n.1. "A petitioner must satisfy the 'in custody' requirement as a prerequisite to habeas corpus jurisdiction."  *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1208 (10th Cir. 1999).  "A petitioner is in custody for purposes of the statute if he or she is subject to 'severe restraints on [his or her] liberty.'"  *Id.* (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)).

In the present case, Petitioner fails to allege that his liberty was restrained by the Pueblo of Laguna.  [*See* Doc. 1]  Indeed, Petitioner's claim arises out of the Pueblo of Laguna's alleged failure to take him into custody and to try him for his crimes in the Pueblo of Laguna Tribal Court. [*See* Doc. 1]  Because Petitioner's current incarceration is the result of the judgments of conviction and sentences imposed in state and federal court, rather than an "order of an Indian Tribe," 25 U.S.C. § 1303, his petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303 will be dismissed for lack of jurisdiction.  Petitioner has failed to make a substantial showing of the denial of a constitutional right and, therefore, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DISMISSED; and a certificate of appealability is DENIED;

IT IS FURTHER ORDERED that Petitioner is granted leave to amend or withdraw his Request to Take Judicial Notice [CR Doc. 182; CV 15-01018 Doc. 1], which the Court intends to construe in relevant part as petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, within

thirty (30) days of the date of entry of this Order and the Clerk of the Court is directed to mail Petitioner a habeas corpus application pursuant to 28 U.S.C. § 2254 with instructions;

IT IS FURTHER ORDERED that Petitioner's petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303 is DISMISSED; the Pueblo of Laguna is DISMISSED as a party to this action; and a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE